IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMILY TORRES MORAN,<br><br>                 *Plaintiff*,<br><br>   v.<br><br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security<br><br>               *Defendant*. | CIVIL ACTION<br>No. 16-04623 |

**PAPPERT, J.**                                                                                                    **March 6, 2017**

**MEMORANDUM**

*Pro se* Plaintiff Emily Torres Moran seeks review of the Commissioner of Social Security's decision denying her application for Social Security Disability Insurance Benefits and Supplemental Security Income. Because Moran filed suit after the statutory deadline and equitable tolling does not apply, the Court grants Defendant's motion to dismiss.

**I.**

Moran applied for Social Security Disability Insurance Benefits and Supplemental Security Income on May 11, 2012. (Decl. of Lillian Gremillion, hereinafter "Decl.", Ex. 1, at 4, ECF No. 7-1.)[1] She appeared and testified at a hearing on June 2, 2014. (*Id.*) An Administrative Law Judge (ALJ) denied her application on January 27, 2015. (Decl., Ex. 1, at 14.) The Appeals Council denied her request for review of the ALJ's decision by letter dated June 17, 2016. (Decl., Ex. 2, ECF No. 7-2.)

---

[1]        "In deciding motions under Rule 12(b)(6), courts may consider documents integral to or explicitly relied upon in the complaint or any undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *In re Asbestos Prods. Liab. Litig. (No. VI)*, 822 F.3d 125, 133 (3d Cir. 2016) (internal quotations and citations omitted). Here, the Commissioner has attached as exhibits to her motion to dismiss, *inter alia*, the ALJ's decision and the Appeals Council's letter to Moran. These documents, upon which Moran's claims are based, are undisputedly authentic.

The Appeals Council's letter explained that Moran could commence a civil action within sixty days of her receiving notice of the letter.  (Decl., Ex. 2.)  Moreover, the letter stated that the Council would presume Moran had received such notice within five days of the date of the letter.  (*Id.*)  Moran was deemed to have notice of the letter by June 22, 2016; her deadline for bringing this action was therefore sixty days later, August 21, 2016.  Because August 21 was a Sunday, her deadline for filing became August 22, 2016.  *See* FED. R. CIV. P. 6(a)(1)(C).  Moran filed her complaint and motion to proceed *in forma pauperis* on August 24, 2016.[2]  (ECF No. 1.)  The Commissioner filed her motion to dismiss the case on January 31, 2017.  (ECF No. 7.)  Moran did not file a response.

## II.

Section 42 U.S.C. § 405(g) prescribes the procedures and requirements for judicial review of a final decision made by the Commissioner of Social Security.  Section 405(g) states in relevant part that "[a]ny individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced *within sixty days* after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."  42 U.S.C. § 405(g) (emphasis added).  The Supreme Court has explained that § 405(g)'s statute of limitations is "a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually.  Thus, the limitation serves both the interest of the claimant and the interest of the Government."  *Bowen v. City of New York*, 476 U.S. 467, 481 (1986).

---

[2]      The complaint, however, was unsigned.  On August 30, 2016 the Court ordered the clerk of court to return Moran's unsigned complaint to her and request that she submit a signed complaint to the Court.  (ECF No. 2.)  The clerk mailed notice of the Court's order to Moran on October 31, 2016.  The Court received Moran's signed complaint on November 21, 2016.  (ECF No. 4.)

Section 405(g)'s sixty-day requirement is subject to equitable tolling.  *See Bowen*, 476

U.S. at 478; *id.* at 480 ("[W]e conclude that application of a traditional equitable tolling principle

to the 60-day requirement of § 405(g) is fully consistent with the overall congressional purpose

and is nowhere eschewed by Congress." (quotations and citations omitted)).   The Third Circuit

Court of Appeals has explained that there are three principal bases for applying equitable tolling:

"(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of

action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his

or her own rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the

wrong forum."  *Oshiver v. Levin Fishbein, Sedran & Breman*, 38 F.3d 1380, 1387 (3d Cir. 1994).

Moran is not entitled to equitable tolling.  She did not respond to the Commissioner's

motion to dismiss, and the Court is unaware of any facts which could justify tolling § 405(g)'s

timing provision in this case.  Moreover, Moran did not request an extension of time to file her

complaint from the Commissioner.  *See* 20 C.F.R. § 422.210(c) (explaining that the time to file

"may be extended by the Appeals Council upon a showing of good cause").

An appropriate order follows.

BY THE COURT:



*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

3